UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:22-cv-00681-RJC-DCK

| | |
|---|---|
| JULIA STANLEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **ORDER** |
| ATRIUM HEALTH, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

**THIS MATTER** is before the Court on Julia Stanley's Motion for Default Judgement and Writ of Execution. (Doc. No. 4). Because Stanley fails to prove that she served any defendant in this case with a summons, her motion is **DENIED**.

Stanley filed her Complaint in this Court on December 21, 2022. (Doc. No. 1). In that filing, she indicated that she included money for copies to be made so the Court could "summon defendant." (Doc. No. 1). On January 26, 2023, Stanley filed a "pro se certificate of service" with the Court, which contained a photocopy of an envelope addressed to Atrium Health labeled "Notice of Federal Lawsuit." (Doc. No. 2). Stanley then filed another "pro se certificate of service," in which she included a Proof of Service noting that "the summons was refused by Atrium Health." (Doc. No. 3 at 1). At no point did the Court issue a summons for any defendant. Now, Stanley moves for default judgment because Atrium has yet to file an answer to her Complaint.

Though it appears that Stanley mailed some form of notice to Atrium, Stanley failed to effectuate proper service on Atrium or any other defendant in this case. (Doc. No. 2). Under Rule 4 of the Federal Rules of Civil Procedure, the plaintiff is responsible for submitting a summons to the Clerk of Court, who will sign it, affix the Court's seal, and return it to the plaintiff to serve on

1

each defendant within 90 days. Fed. R. Civ. P. 4(b), (m). If a plaintiff allows the 90 days to run without good cause, "the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time," *id.*, because failure to properly serve a defendant deprives the court of personal jurisdiction over that defendant. *See Omni Capital Intern., Ltd. v. Rudolf Wolff & Co., Ltd.*, 484 U.S. 97, 97 (1987).

A plaintiff cannot sidestep these requirements by preparing a summons herself and filing proof of service. *See Ayres v. Jacobs & Crumplar, P.A.*, 99 F.3d 565, 568-69 (3d Cir. 1996) (dismissing *pro se* plaintiff's case under Rule 4 where plaintiff failed to request that the Clerk issue a summons and instead prepared a summons herself, filled in the names and addresses of defendants, and filed proofs of service); *Day'Le Lathon v. UNC-Fayetteville St. Uni.*, No. 5:07-cv-105, 2008 WL 60396, *1 (E.D.N.C. Jan. 2, 2008) (applying *Ayres* in similar circumstances).

Stanley missed the mark on each of Rule 4's requirements, and she fails to show good cause for her failure to serve the defendants in this case. While the Court affords *pro se* plaintiffs some measure of leniency beyond that afforded to litigants with representation, even *pro se* plaintiffs cannot disregard the rules of procedure entirely. *See Laber v. Harvey*, 438 F.3d 404, 413 n.3 (4th Cir. 2006). Thus, this Order serves as notice to Stanley, as contemplated under Rule 4, to remedy the shortcomings in her attempted service or face dismissal.

**IT IS, THEREFORE, ORDERED** that Plaintiff's Motion for Default Judgement is **DENIED**, and she is **DIRECTED** to obtain summonses and effect service upon the defendants in accordance with the Federal Rules of Civil Procedure within twenty (21) days of the date of this order. After effecting such service, Plaintiff is further directed to file proof of service with the Court, and Plaintiff is **WARNED** that failure to do so may result in dismissal of her claims.

Signed: September 30, 2023

_____
Robert J. Conrad, Jr.
United States District Judge